UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ricardo Manicksingh, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br> -v.-<br><br>Jefferson Capital Systems, LLC,<br><br>        Defendant. | Case. No.: 1:22-cv-2040<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

   Plaintiff Ricardo Manicksingh (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Jefferson Capital Systems, LLC (hereinafter referred to as "Defendant JCS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

   1.  The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

   2.  The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as a where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, county of Westchester.

8. Defendant JCS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with a principal place of business of 15 McLeland Road, St. Cloud, Minnesota 56303, and has an address for service of process at c/o Corporation Service Company, 80 State Street, Albany, NY 12207.

9. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a.  all individuals with addresses in the State of New York;

    b.  to whom Defendant JCS sent an initial collection letter;

    c.  attempting to collect a debt;

    d.  for a debt that was not actually connected to the addressee/recipient;

    e.  and continued to attempt collection after being on notice that the debt does not belong to the consumer; and

    f.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant JCS and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class is the Defendant JCS and all officers, members, partners, managers, directors and employees of the Defendant JCS and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether

the Defendant JCS's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692d and 1692e.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant JCS's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ 1692d and 1692e.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant JCS's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent

class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth fully herein.

20. Upon information and belief, at some time prior to October 13, 2021, an individual other than Plaintiff allegedly incurred an obligation to Cellco Partnership DBA Verizon Wireless (hereinafter referred to as "Verizon"), the original creditor.

21.     Upon information and belief, the subject obligation arose out of alleged transactions in which money, property, insurance, or services, which are the subject of the defaulted debt, were incurred solely for personal purposes, specifically a personal cellphone service.

22.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a (3).

23.     The subject obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24.     Upon information and belief, Verizon transferred the defaulted debt to the Defendant JCS for the purpose of debt collection.

25.     Therefore, Defendant JCS is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

26.     Defendant JCS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – October 13, 2021 Collection Letter*

27.     On or about October 13, 2021, Defendant JCS sent Plaintiff a collection letter regarding the debt allegedly owed to Defendant JCS.  (See "Letter" attached as Exhibit A.)

28.     The Letter states that Plaintiff had previously become indebted to Verizon, and that the balance of said debt was currently $179.23.

29.     The Letter further states that the debt had been acquired by Defendant JCS and that they were now seeking to collect the same from Plaintiff.

30.     The Letter provides an account number associated with the original debt with Verizon.

31.     However, the subject debt for which Defendant JCS sought compensation was not associated with Plaintiff in any form.

32.     Specifically, Plaintiff never had any account associated with Verizon.

33. Plaintiff called Defendant on April 26, 2021 to dispute the debt and advise Defendant that they were attempting collection from the wrong person.

34. Nevertheless, Defendant continues to send him letters.

35. After several letters that Plaintiff received, he called Defendant to renew his dispute and try to get them to fix the situation and stop sending him dunning letters for a debt he does not owe.

36. On one occasion, a representative from Defendant's office informed Plaintiff that the number associated with the subject account was "347-387-6813" and that they acquired in his name in 2015.

37. However, Plaintiff confirmed with Defendant that he never had that number, never had an account with Verizon, and has maintained his current number since 2006, which is different from the phone number Defendant had on record.

38. A representative from Defendant's office additionally confirmed that after Plaintiff's initial call, due to some investigation, someone from Defendant's company had requested that this negative error be deleted on May 15,2021.

39. Nevertheless, Plaintiff continues to receive dunning letters from Defendant and cannot get them to stop attempting collection for a debt not his own.

40. Most recently, Plaintiff received a dunning letter on February 19, 2022 for the same subject debt.

41. Despite Plaintiff's numerous attempts to stop Defendant from harassing him with dunning attempts, Defendant continues to dun him without validation that the debt belongs to Plaintiff.

42. Plaintiff feels belittled, mocked, and embarrassed that Defendant refuses to listen to his disputes despite the fact that he does not owe the subject debt.

43. If Defendant would have re-investigated the nature of the underlying debt, they would have verified that the debt does not belong to Plaintiff.

44. If Defendant had read their own historical account notes for the subject debt, Defendant would have realized that a representative from their office had already marked the subject debt as one on which to stop collection efforts.

45. As the Plaintiff had no connection to the alleged debt, and thus no knowledge of the same, he was therefore unable to evaluate his options of how to respond to the subject Letter (Exhibit A) and otherwise to handle this debt to avoid any further negative repercussions of being falsely associated with the allegedly defaulted debt.

46. Because of this, Plaintiff expended time and money in trying to dispute the debt on numerous occasions in vain.

47. Specifically, Plaintiff waited on hold with Defendant's office for multiple periods of time.

48. Plaintiff discussed the situation with multiple representatives from Defendant's office, each time re-explaining Defendant's mistake and re-attempting to fix the outstanding error.

49. Each time Plaintiff receives a new dunning letter for this false debt, he feels frustrated and upset that this inaccurate debt collection will not stop.

50. Defendant continues to harass Plaintiff with someone else's outstanding debt.

51. As a result of Defendant JCS's violations of the FDCPA, Plaintiff suffered and continues to suffer injuries to the Plaintiff's feeling, personal humiliation, embarrassment, mental anguish, and emotional distress.

52. These violations by Defendant JCS were knowing, willful, negligent and/or intentional, and Defendant JCS did not maintain procedures reasonably adapted to avoid any such violations.

53. Defendant JCS's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

54. Defendant JCS's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant JCS's collection efforts because Plaintiff could not adequately respond to Defendant JCS's demand for payment of this debt.

55. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

56. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

57. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of invasion of privacy.

58. Now, consumers have a right to be free from dunning letters for debts that are not their own.

59. Furthermore, once Defendant was put on notice on more than one occasion that Plaintiff did not owe the subject debt, Defendant breached the privacy of Plaintiff by continuing dunning attempts on him.

60. As a result of Defendant JCS's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692d *et seq.***

61. Plaintiff repeats the above allegations as if set forth herein.

62. Defendant JCS's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

63. Pursuant to 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

64. Defendant violated 15 U.S.C. § 1692d by continuing to send Plaintiff multiple dunning letters after being on notice of his dispute and without validating that the debt did in fact belong to Plaintiff.

65. By reason thereof, Defendant JCS is liable to Plaintiff for judgment in that Defendant JCS's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

66. Plaintiff repeats the above allegations as if set forth herein.

67. Defendant JCS's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

68. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69. Specifically, pursuant to 15 U.S.C. § 1692e(2)(A), debt collectors are forbidden from making a "false representation of the character, amount, or legal status of any debt."

70. Defendant JCS violated said section by falsely alleging that Plaintiff owed a debt for which he had no actual connection.

71. Furthermore, under 1692e(10), the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer is unlawful.

72. Defendant violated 1692e(10) continued to represent that Plaintiff owed a debt that was not his own even after being on notice that Plaintiff did not owe the debt and without validating that the debt belonged to Plaintiff.

73. By reason thereof, Defendant JCS is liable to Plaintiff for judgment in that Defendant JCS's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

74. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ricardo Manicksingh, individually and on behalf of all others similarly situated, demands judgment from Defendant Jefferson Capital Systems, LLC as follows:

    i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

ii. Awarding Plaintiff and the Class statutory damages;

iii. Awarding Plaintiff and the Class actual damages;

iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

vii. Dated: March 11, 2022                                Respectfully Submitted,

          **Stein Saks, PLLC**
          **/s/ Tamir Saland**
          Tamir Saland, Esq.
          One University Plaza, Ste. 620
          Hackensack, NJ, 07601
          P. (201) 282-6500
          F. (201) 282-6501
          Tsaland@SteinSaksLegal.com
          *Attorneys for Plaintiff*